UNITED STATES, Appellee

v.

JAMES W. PRESLEY, Sergeant First Class, U. S. Army, Appellant

2 USCMA 414, 9 CMR 44

No. 2113

Decided April 27, 1953

LT COL Edgar R. Minnich, U. S. Army, and 1ST LT Wade J. Dahood, U. S. Army, for Appellant.

LT COL Thayer Chapman, U. S. Army, and CAPT Irvin M. Kent, U. S. Army, for Appellee.

## Opinion of the Court

PER CURIAM:

The accused was convicted by general court-martial upon three specifications of larceny[1] and three specifications charging wrongful sales of Government property.[2] He was sentenced to a dis-

---

[1] In violation of Article 121, Uniform Code of Military Justice, 50 USC § 715.

[2] In violation of Article 108, Uniform Code of Military Justice, 50 USC § 702.

honorable discharge, total forfeitures, and confinement for three years. The convening authority reduced the term of confinement to two years to purge the effect of consideration by the court-martial of a prior conviction that had not been properly proved, but otherwise approved the findings and sentence. A board of review affirmed and this Court granted accused's petition for further review.

We need advert to but one of the several assignments of error. The accused called as the first witness in his behalf a Captain Kinney. The Captain testified that the accused had been a very efficient worker. At that point defense counsel asked the witness whether he was familiar with accused's general reputation as to truth and veracity, but the law officer stopped the questioning with the statement that character testimony should be offered as matter in mitigation. Trial and defense counsel thereupon stipulated as to what the testimony of Captain Kinney would be, and this stipulated testimony was subsequently admitted in mitigation, after the findings of guilty had been announced. It is clear from the content of this stipulated testimony that defense counsel had intended to introduce *general* character evidence and not merely such as supported accused's reputation for truth and veracity.

There is no doubt but that the law officer's ruling constituted reversible error under our decision in United States v. Browning (No. 348), 5 CMR 27, decided August 15, 1952. In Browning, we reversed the conviction of the accused because the law officer admitted character evidence only in mitigation. We there observed that the Manual itself expressly permits introduction of such evidence for consideration in determining the guilt or innocence of the accused. Manual for Courts-Martial, United States, 1951, paragraph 138f (2). In the same case we held that a failure to object to the action of the law officer in restricting character evidence to use in mitigation would not operate as a waiver to bar consideration of the point on appeal.

The decision of the Board of Review is reversed and a rehearing is ordered.